# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FIRST NATIONAL BANK OF PENNSYLVANIA,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| **SHEPHERD PUBLISHING** | § § § | 5:20-cv-00954 |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff First National Bank of Pennsylvania ("FNB"), successor by merger to Yadkin Bank, files this its Original Complaint against Defendant Shepherd Publishing LLC ("Shepherd"), and would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff, First National Bank of Pennsylvania, is a national banking association organized and existing under the laws of the United States of America, with its main office and principal place of business located in Pittsburgh, Pennsylvania.

2. Shepherd Publishing LLC ("Shepherd") is a limited liability company formed under the laws of the State of Texas with its principal place of business in San Antonio, Bexar County, Texas. Shepherd may be served through its registered agent, Drew H. Sandidge, at Shepherd's place of business at 1250 NE Loop 410, Suite 220, San Antonio, Texas 78209, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over this suit under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties.

4. Plaintiff FNB is a national banking association organized and existing under the laws of the United States of America, with its main office and principal place of business in Pittsburgh, Pennsylvania.

5. Shepherd Publishing LLC is a limited liability company with its principal place of business in San Antonio, Bexar County, Texas. Shepherd has one member, Defendant Drew H. Sandidge, who is both a resident of and domiciled in Texas.

6. The amount in controversy exceeds $75,000.

## III.
## VENUE

7. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(1) and (2) because Defendant has its principal place of business in Texas and in this District, and a substantial part of the events giving rise to the claim occurred in this District.

## IV.
## FACTUAL BACKGROUND

A.   **NOTE I—$404,700 Note and Guarantee Agreements (Obligation Number 202202142).**

8.   Promissory Note. On July 7, 2016, Shepherd Publishing LLC executed and delivered to Lender FNB, successor by merger to Yadkin Bank, a U.S. Small Business Administration ("SBA") Note (Loan No. 202202142) in the original principal amount of $404,700.00 ("Note I"). A true and correct copy of Note I is attached as **Exhibit 1**.

9.   Note Terms. Under the terms of Note I, FNB agreed to lend Shepherd $404,700.00 at a variable interest rate calculated as the Prime Rate plus 2.75%, as further defined in the Note, to be adjusted on a quarterly basis. Note I required Shepherd to make monthly principal and interest payments of at least $4,571.50, subject to adjustment for interest rate increases. Note I is for a term of 10 years with a maturity date of July 7, 2026, when all remaining principal and accrued interest is due. Note I allows Lender to charge Shepherd a late charge of up to 5.00% of the unpaid portion of the regularly scheduled monthly payment.

10.   Guarantee. On July 7, 2016, Drew H. Sandidge[1] ("Sandidge" or "Guarantor") executed an SBA Unconditional Guarantee to unconditionally guarantee full payment to Lender of all amounts owing under Note I until paid in full ("Note I Guarantee Agreement"). Sandidge agreed under the Note I Guarantee Agreement to be jointly and severally liable for all obligations under the Note I

---

[1] On August 13, 2020, Drew Sandidge filed for voluntary Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Western District of Texas, Cause No. 5:2020-bk-51447. Accordingly, FNB does not seek relief against Mr. Sandidge pending the outcome of his bankruptcy case.

Guarantee Agreement. A true and correct copy of the Note I Guarantee Agreement is attached as **Exhibit 2**.

11. Security Agreement. In connection with Note I, Shepherd also signed an SBA Security Agreement granting Lender a security interest in certain collateral described in the agreement as security for Note I. A true and correct copy of the Security Agreement is attached as **Exhibit 3**. Lender has perfected its security interest under the Security Agreement in Texas.

12. FNB is the current owner and holder of Note I and the Note I Guarantee Agreement, together with any and all other documents and instruments evidencing, securing, or relating to Note I, including without limitation the Security Agreement.

B. **NOTE II—$25,000 Note and Guarantee Agreements (Obligation Number 202202143).**

13. Promissory Note. On July 7, 2016, Shepherd Publishing LLC executed and delivered to Lender FNB, successor by merger to Yadkin Bank, an SBA Note (No. 202202143) in the original principal amount of $25,000.00 ("Note II"). A true and correct copy of Note II is attached as **Exhibit 4**.

14. Note Terms. Under the terms of Note II, FNB agreed to provide Shepherd with a revolving line of credit of $25,000.00 at a variable interest rate calculated as the Prime Rate plus 2.75%, as further defined in the Note, to be adjusted on a quarterly basis. Note II is for a term of 7 years with a maturity date of July 7, 2023. Note II required Shepherd to make 24 monthly payments of interest on the principal balance every month. Beginning on the 25th month, the principal balance would be amortized over the remaining 60 months, with principal and interest

payments due monthly until maturity. Note II allows FNB to charge Shepherd a late charge up to 5.00% of the unpaid portion of the regularly scheduled monthly payment.

15. <u>Guarantee</u>. On July 7, 2016, Sandidge executed an SBA Unconditional Guarantee to unconditionally guarantee full payment to Lender of all amounts owing under Note II until paid in full (the "Note II Guarantee Agreement"). Sandidge agreed under the Note II Guarantee Agreement to be jointly and severally liable for all obligations under the Guarantee Agreement. A true and correct copy of the Note II Guarantee Agreement executed by the Guarantor is attached as **Exhibit 5**.

16. <u>Security Agreement</u>. In connection with Note II, Shepherd also signed an SBA Security Agreement granting FNB a security interest in certain collateral described in the agreement as security for Note II. A true and correct copy of the Security Agreement is attached as **Exhibit 6**. Lender has perfected its security interest under the Security Agreement in Texas.

17. FNB is the current owner and holder of Note II and the Note II Guarantee Agreement, together with any and all other documents and instruments evidencing, securing, or relating to Note II, including without limitation the Security Agreement.

C. **Shepherd Defaults on Notes I and II**

18. Shepherd has failed to make the required monthly payments on both Notes I and II when due. Shepherd has thus defaulted on both Notes I and II.

19. By reason of these defaults, by letter dated June 11, 2020, FNB notified Shepherd and Sandidge of their defaults under the Notes and the Guarantee

Agreements for failure to make the required monthly payments when due and demanded payment of the entire unpaid balance of the amounts due on Note I and II, plus accrued but unpaid interest and late fees (the "Default Notice"). A true and correct copy of the June 11, 2020 Default Notice is attached as **Exhibit 7**.

20. Despite demand, Shepherd continues to fail and refuse to remedy its defaults and pay the entire outstanding indebtedness due under Notes I and II.

### D. Amounts Due and Owing

21. As of July 29, 2020, the following amounts were due and owing on Notes I and II:

| NOTE I (Loan No. 202202142) | |
| --- | --- |
| PRINCIPAL | $317,269.81 |
| INTEREST AMOUNT | $23,953.85 |
| LATE FEES | $3,386.30 |
| **AMOUNT DUE** | **$344,609.96** |

| NOTE II (Loan No. 202202143) | |
| --- | --- |
| PRINCIPAL | $19,171.18 |
| INTEREST AMOUNT | $928.99 |
| LATE FEES | $171.36 |
| **AMOUNT DUE** | **$20,271.53** |

22. These amounts continue to accrue interest at the applicable rate plus other applicable fees.

## V.
## CAUSES OF ACTION

**A.     Count One: Breach of Contract Against Shepherd under Note I**

23.     FNB incorporates in this section all the factual allegations made in the Complaint.

24.     FNB and Shepherd entered into valid agreement for FNB to lend Shepherd $404,700.00 on certain terms and conditions as evidenced by Note I.

25.     FNB delivered the funds to Shepherd and fulfilled its other obligations regarding the loan.

26.     Shepherd breached Note I by failing to timely pay the amounts due.

27.     FNB notified Shepherd of its default, accelerated the principal balance, and demanded that Shepherd cure such default and pay the outstanding indebtedness in full.

28.     Despite demand, Shepherd failed to cure the default and pay the unpaid principal balance of Note I, plus accrued interest, which continues to accrue.

29.     Shepherd has thus materially breached Note I.

30.     FNB is the current owner and holder of Note I and the other loan documents.

31.     FNB has been damaged in the amounts set forth herein.

**B.     Count Two: Breach of Contract Against Shepherd under Note II**

32.     FNB incorporates in this section all the factual allegations made in the Complaint.

33. FNB and Shepherd entered into valid agreement for FNB to extend to Shepherd a line of credit for $25,000.00 on certain terms and conditions as evidenced by Note II.

34. FNB delivered funds to Shepherd under Note II and fulfilled its other obligations regarding the loan.

35. Shepherd breached Note II by failing to timely pay the amounts due under Note II.

36. FNB notified Shepherd of its default, accelerated the principal balance, and demanded that Shepherd cure such default and pay the outstanding indebtedness in full.

37. Despite demand, Shepherd failed to cure the default and pay the unpaid principal balance of Note II, plus accrued interest. This interest still continues to accrue.

38. Shepherd has thus materially breached Note II.

39. FNB is the current owner and holder of Note II and the other loan documents.

40. FNB has been damaged in the amounts set forth herein.

## VI.
## DAMAGES

41. As a result of Shepherd's defaults, FNB has been damaged in the amount of: (1) the unpaid principal on Note I, plus accrued but unpaid interest, plus late charges and other applicable charges; (2) the unpaid principal on Note II, plus accrued but unpaid interest, plus late charges and other applicable charges; (3)

interest, which continues to accrue on all the indebtedness at the rates identified above; plus (4) all other costs and expenses, including attorney's fees, which FNB is authorized to recover under the Loan Documents and applicable law.

## VII.
## ATTORNEY'S FEES

42. By the terms of the Loan Documents, Shepherd has agreed to pay all costs and expenses, including attorney's fees, incurred by FNB in the event of a default.

43. As a result of Shepherd's failure to comply with the obligations under the Notes and Guarantee Agreements, FNB has employed the law firm of Clark Hill Strasburger to prosecute this action.

44. All conditions precedent to FNB's right to recover attorney's fees from Shepherd have been satisfied or will be satisfied prior to the trial of this lawsuit.

45. FNB is therefore entitled to recover its reasonable attorney's fees incurred in the prosecution of this action under the agreements between the parties and any applicable law.

## VIII.
## CONDITIONS PRECEDENT

46. All conditions precedent to FNB's right to assert the claims and causes of action in this Complaint have occurred or have otherwise been satisfied, waived, or excused.

# IX.
# PRAYER FOR RELIEF

Plaintiff First National Bank of Pennsylvania, successor by merger to Yadkin Bank, requests that Defendant Shepherd Publishing LLC be cited to appear and answer herein and that upon final hearing hereof, FNB be granted:

1. Judgment against Defendant for the amount of the outstanding balances due on Notes I and II, including interest, late charges, and other applicable charges, due to FNB;

2. Post-judgment interest as provided by law;

3. Attorney's fees and expenses;

4. Costs of suit; and

5. Such other and further relief to which FNB may be justly entitled.

Respectfully submitted,

**CLARK HILL STRASBURGER**

_____
**TATE L. HEMINGSON**
Texas Bar No. 24064370
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 651-4300 (Telephone)
(214) 651-4330 (Facsimile)
themingson@clarkhill.com

And

**FORREST M. "TEO" SEGER III**
State Bar No. 24070587
Clark Hill Strasburger
2301 Broadway St.
San Antonio, Texas  78215-1157
(210) 250-6000
tseger@clarkhill.com

**ATTORNEYS FOR PLAINTIFF FIRST NATIONAL BANK OF PENNSYLVANIA**